ALFRED A. MOORE and ANNA L. MOORE, Appellants, v. FRANK A. MOORE, Respondent.

PER CURIAM: This motion is based on a misconception of our former decision. (134 App. Div. 708.) We held that the conclusion of the referee that the deed was an absolute conveyance was against the clear weight of evidence and that the plaintiffs were entitled to an unqualified reversal of the judgment. They were willing, however, that the deed might stand as security, and, while expressly refraining from requiring such a disposition of the case, we permitted the defendant to consent thereto if he preferred such a disposition to a reversal of the judgment. That permission was for his benefit, and his unwillingness to give such consent does not affect the plaintiffs' right to a reversal of the judgment for the reasons stated in the opinion. The motion for a reargument is, therefore, denied. Motion denied.

John Convery, Respondent, v. Saratoga Trap Rock Company, Appellant.— Motion denied.

George A. Farnham, Appellant, v. Le Bolt & Company, Respondent.— Decision amended so as to add thereto, *nunc pro tunc*, as of the time when the decision was handed down, "with leave to the plaintiff to withdraw demurrer upon payment of the costs in this court and in the court below." (See 133 App. Div. 520.)

Bridget A. Gardner, as Administratrix, etc., of Joseph P. Gardner, Deceased, Respondent, v. Schenectady Railway Company, Appellant.— Decision modified by inserting after the words "Smith, P. J., not voting" the following words: "he having participated in the consideration of the case, under Rule 10 of the Rules of the Department, although not present at the oral argument." (See 134 App. Div. 989.)

John S. Barry, Appellant, v. Joseph Acker, Respondent.— Judgment unanimously affirmed, with costs.

Henry Willard Bean and Others, as Reorganization Committee of the Oneonta, Cooperstown and Richfield Springs Railway Company, Appellants, v. The Trust Company of America, Respondent.— Motion denied.

John B. Blake, Appellant, v. Emma Shoemaker, Respondent.— Motion denied.

Michael J. Callanan, Suing Individually and in Behalf of Other Stockholders of the Defendant Company Similarly Situated, Respondent, v. Keeseville, Ausable Chasm and Lake Champlain Railroad Company and Others, Appellants.— Plaintiff's application for leave to appeal to the Court of Appeals granted: Upon such appeal the following question is certified: Was the relief properly conditioned on payment or provision for payment of the expenditures made after action brought? If plaintiff, pursuant to the permission granted, appeals to the Court of Appeals within thirty days, the time within which plaintiff must elect whether he will comply with the conditions specified as provided in the 13th paragraph of the interlocutory judgment is extended to thirty days after the determination by the Court of Appeals of the appeal so taken. Application of